UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MARCEL MALAVE-VIVAS,

Petitioner,

v.

No. 6:26-CV-00056-H

WARDEN, EDEN DETENTION
CENTER,

Respondent.

## ORDER

Petitioner Marcel Malave-Vivas filed a pro se emergency motion for temporary restraining order and stay of removal with his petition for writ of habeas corpus. Dkt. No. 2. The motion is denied for lack of jurisdiction.

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). There are three narrow exceptions to that stripping of jurisdiction, none of which apply here. But section 1252(e)(5) is clear—there "shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5); *see also Nianga v. Wolfe*, 2020 WL 415927, at *3–4 (N.D. Tex. 2020); *Rodrigues v. McAleenan*, 2020 WL 363041, at *3–4 (N.D. Tex. 2020).

Thus, the Court must deny the motion for lack of jurisdiction.

So ordered.

Dated April 20, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge