UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MARCEL MALAVE-VIVAS,

                Petitioner,

v.

PHILLIP VALDEZ, WARDEN,
EDEN DETENTION CENTER,

                Respondent.

No. 6:26-CV-00056-H

## ORDER

Petitioner Marcel Malave-Vivas, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the Eden Detention Center. Dkt. Nos. 1. He seeks release from detention pending resolution of his removal proceedings, alleging that detention violates his rights under the Due Process Clause of the U.S. Constitution. *Id.*

Respondent filed a response along with relevant records, urging the Court to deny the petition. Dkt. Nos. 11, 12. Respondent contends that Petitioner is subject to mandatory detention as an arriving alien and applicant for admission under 8 U.S.C. § 1225, so he is ineligible for release. Respondent also argues that Petitioner's detention pending his removal proceedings does not otherwise offend the Due Process Clause. Petitioner filed a reply, reasserting his claims. Dkt. No. 13. And he recently filed a supplement reiterating the hardship that his detention has caused his family and seeking an expedited decision. Dkt. No. 18.

The Court has reviewed Petitioner's pleadings and Respondent's response with the attached records. Based upon the facts and the law set forth in Respondent's response and supported by the relevant records, the Court finds that Petitioner is not entitled to federal habeas relief. The Court consistently has found, in cases indistinguishable from this one, that applicants for admission like Petitioner are properly detained without bond under Section 1225, and that the Fifth Amendment does not require release under these circumstances.[1] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Petitioner's due process claim is not foreclosed by *Buenrostro-Mendez*; however, neither substantive nor procedural due process affords alien petitioners release pending resolution of their removal proceedings. While alien detainees are entitled to due process of law in removal proceedings, detention is a "constitutionally valid aspect of the deportation process," thus comporting with substantive due process. *Zuniga*, 814 F. Supp.3d at 697 (quoting *Demore v. Kim*, 538 U.S. 510, 528 (2003)). In addition, applicants for admission such as Petitioner have "only those rights regarding admission that Congress has provided by statute." *Id.* (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020)). Section 1225 does not provide for bond hearings. *Id.* (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)). Accordingly, Petitioner is not entitled to a bond hearing—or release—as a matter of procedural due process. The petition for writ of habeas corpus is denied, and this civil action is dismissed.

So ordered.

---

[1] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

The Court will enter judgment accordingly. Petitioner's request for an expedited decision, Dkt. No. 18, is denied as moot.

Dated June 26 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

3